IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Quintana, <br><br> Plaintiff, <br><br> v. <br><br> Arthur J. Watson, Jr., Individually & AJ Watson Farms, LLC, <br><br> Defendants. | CIVIL ACTION NO.: <br><br> **COMPLAINT** <br> (Jury Trial Demanded) <br><br> (Negligence; Negligent Entrustment; Negligent Hiring, Retention, Training, and Supervision; Negligent Maintenance) |

Robert Quintana ("Plaintiff"), by and through his undersigned attorneys and complaining of the Defendants above-named, would allege and show unto this Honorable Court the following:

**JURISDICTION AND VENUE**

1.     A motor vehicle collision which caused serious injury and significant damages to Plaintiff occurred on September 29, 2020, in Florence County, State of South Carolina.

2.     At the time of the collision, Plaintiff was a citizen and resident of Orange County, State of Florida.

3.     At the time of the collision, Defendant Arthur J. Watson, Jr. ("Watson") was, upon information and belief, a citizen and resident of the State of North Carolina.

4.     Upon information and belief, Watson was, at all times relevant hereto, a motor carrier pursuant to 49 C.F.R. Part 392.3 and 49 C.F.R. Part 395.1 and 49 C.F.R. 395.8.

5.     Upon information and belief, Defendant AJ Watson Farms, LLC ("Watson Farms") is a trucking company with its principal place of business in the State of North Carolina.

6.     At all times material hereto, Watson Farms operated a trucking company engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in the State of South Carolina and, more particularly, Florence County.

1

7.     Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8.     In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Florence Division of the District of South Carolina, as the alleged acts or omissions occurred in Florence County, State of South Carolina.

## FOR A FIRST CAUSE OF ACTION
(Negligence as to Watson)

9.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

10.    At all times relevant hereto, Watson was an employee, agent, and legal representative of Watson Farms and acting in the ordinary course and scope of his employment.

11.    Watson Farms controlled the actions of Watson on September 29, 2020, and therefore is responsible for his actions and inactions on September 29, 2020.

12.    On or about September 29, 2020, at approximately 11:45 a.m., Watson's commercial motor vehicle, owned and operated, upon information and belief, by Watson Farms, was traveling south on I-95 in Florence County, South Carolina.

13.    On the same date and at the same time, Plaintiff was a restrained passenger of a motor vehicle and was also traveling south on I-95 in Florence County, South Carolina.

14.    Plaintiff was acting in a reasonably prudent and careful manner at all times pertinent hereto.

15.    Suddenly and without warning, Watson failed to maintain his lane of travel and unlawfully merged into Plaintiff's lane of travel, resulting in a collision between the two vehicles.

16.    As a result of the force of the impact, the vehicle in which Plaintiff was a passenger ran off the left side of the road.

2

17.     The vehicle in which Plaintiff was a passenger was then struck in the rear by another motor vehicle traveling south on I-95.

18.     At the time of the collision, Watson was distracted.

19.     The collision occurred through no fault of Plaintiff.

20.     As a result of the collision, Plaintiff suffered substantial multiple body trauma, blunt force trauma, and injury to his head, neck, and back, among others.

21.     The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Watson, who was acting in the ordinary course and scope of his employment, agency, and representation of Watson Farms, in the following particulars to wit:

    a.  Failing to keep a proper lookout;

    b.  Failing to maintain his commercial motor vehicle under proper control;

    c.  Failing to control his speed in order to do everything necessary to avoid colliding with another vehicle, in violation of S.C. Code § 56-5-1520(a);

    d.  Failing to maintain his lane of travel, in violation of S.C. Code Ann. § 56-5-1900;

    e.  Failing to yield the right of way to Plaintiff's vehicle, in accordance with S.C. Code Ann. § 56-5-580, when Plaintiff possessed the right-of-way at all times pertinent hereto;

    f.  Driving a commercial motor vehicle in such a manner to indicate willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others, in violation of S.C. Code Ann. § 56-5-2920;

    g.  Failing to have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway, in violation of S.C. Code Ann. § 56-5-1930;

    h.  Recklessly operating a commercial motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property, in violation of S.C. Code Ann. § 56-5-2920;

    i.  Operating an unsafe commercial motor vehicle, in violation of S.C. Code Ann. §§ 56-5-4410 and 56-5-5310;

j.  Failing to operate a commercial motor vehicle with a valid medical certificate, as required by the Federal Motor Carrier Safety Regulations ("FMCSR");

k.  Failing to operate a commercial motor vehicle in the manner required by the FMCSR, including in violation of Hours of Service rules;

l.  Failing to operate a commercial motor vehicle in the manner required by the professional standards established by South Carolina, including in violation of Hours of Service rules;

m.  Failing to properly maintain, inspect, service and repair the tractor and trailer in violation of the FMCSR and state laws;

n.  Failing to properly perform and document the pre- and post-trip inspections in violation of the FMCSR and state laws;

o.  Driving a commercial motor vehicle with an unauthorized passenger;

p.  Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

q.  In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate result of the damages and injuries claimed herein.

22.    As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Watson Farms and Watson as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, him pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

23.    Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Watson Farms and Watson as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment as to Watson Farms)

24.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

25.    Watson Farms knew or should have known that Watson was untrained and incapable of operating his commercial motor vehicle in the manner as required by the FMCSR and state law.

26.    Watson Farms knew or should have known that Watson's inexperience and lack of training was evidence that he was incapable of complying with the FMCSR and state law and was therefore a reckless driver.

27.    Watson Farms entrusted a commercial motor vehicle to Watson despite knowing that he lacked proper training and experience.

28.    Watson Farms entrusted a commercial motor vehicle to Watson despite knowing that he lacked the required medical certificate.

29.    As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Watson Farms and Watson as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, him pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

30.    Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Watson Farms and Watson as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A THIRD CAUSE OF ACTION
(Negligent Hiring, Training, Retention, and Supervision as to Watson Farms)

31.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

32.     Watson Farms owed statutory and common law duties to Plaintiff not to negligently hire, supervise, or retain commercial motor vehicle drivers incapable of complying with all provisions of the FMCSR and state law.

33.     Watson Farms failed to properly review, interview, or interact with Watson prior to hiring Watson as a commercial motor vehicle driver.

34.     Watson Farms knew or should have known that Watson lacked the proper training, experience, and ability to comply with all provisions of the FMCSR and state law.

35.     Watson Farms knew or should have known that Watson lacked the required medical certificate to operate a commercial motor vehicle.

36.     Watson Farms knew or should have known that Watson's inexperience, lack of training, and inability to comply with the FMCSR was evidence that he was unable to comply with federal law and state law and was therefore a reckless driver.

37.     Watson Farms failed to comply with the FMCSR prior to utilizing Watson as a commercial truck driver.

38.     Watson Farms failed to properly supervise and train Watson in violation of the FMCSR and state law.

39.     Watson Farms allowed Watson to continue to operate a commercial motor vehicle without the most basic training, in violation of the FMCSR and state law.

40.     As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Watson Farms and Watson as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, him pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

41.     Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Watson Farms and Watson as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

42.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for the following:

    i.    Judgment against Defendants Arthur J. Watson, Jr., Individually, and AJ Watson Farms, LLC for actual and punitive damages in an amount to be determined by the jury;

    ii.    For the costs of this action including interest from the date of filing of this Complaint, and a reasonable attorney's fee be taxed against the Defendants; and

    iii.    For such other and further relief as this court deems just and proper.


**PIERCE SLOAN**
**KENNEDY & EARLY LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

*s/ J. Morgan Forrester*
Allan P. Sloan, III (Fed. ID 6268)
J. Morgan Forrester (Fed. ID 12129)
Edward J. McAlpine, III (Fed. ID 13532)
Richard R. Gergel (Fed. ID 13170)
chipsloan@piercesloan.com
morganforrester@piercesloan.com
treymcalpine@piercesloan.com
richardgergel@piercesloan.com
*Attorneys for Plaintiff*

February ___, 2023
Charleston, South Carolina